IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CODY SANDOVAL, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:26-CV-064-Z-BR |
| | § | |
| Q-LINE TRUCKING, LTD., *and* JOHN DOE, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE
AND COMPLY WITH COURT ORDERS**

On May 28, 2026, the undersigned issued an order informing Plaintiff that the undersigned would recommend dismissal of this case without prejudice for want of prosecution, should Plaintiff's counsel not address their Northern District of Texas bar status on or before June 5, 2026. (ECF 10). Since issuance of that order, Plaintiff's counsel has not taken any action in this case and has not communicated with the Court regarding their intent to do so.

Accordingly, and for the following reasons, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that this case be DISMISSED without prejudice for failure to prosecute or comply with Orders of the Court.

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure allow a court to order the involuntary dismissal of a plaintiff's action "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone*

*Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)); see also *Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may sua sponte dismiss an action for failure to prosecute or failure to obey a court order.")

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]" *Id.* at 880; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("[l]esser sanctions such as . . . dismissal without prejudice are usually appropriate before dismissing with prejudice").

## II.    PROCEDURAL HISTORY

When Defendant Q-Line Trucking, Ltd. removed this case to federal court on March 27, 2026, Plaintiff's attorneys Jerry Mason and Taylor P. Franks were not admitted to practice in the Northern District of Texas. On April 29, 2026, the undersigned ordered the attorneys to either (1) provide to the Court satisfactory documentation of membership to the Bar of the Northern District of Texas, or (2) gain admission *pro hac vice* for this case. (ECF 8). Plaintiff's attorneys did not do so, and the undersigned issued two more orders allowing extensions of their deadline. (ECF 9 & 10).

In the third order extending the deadline, the undersigned included the warning that "if [the attorneys] do not comply with this order, the undersigned will recommend to the district judge that this case be dismissed for want of prosecution." (ECF 10). That order gave Plaintiff's attorneys until June 5, 2026 to settle the matter of their admission to this Court. (*Id.*). As of the date of this order, Plaintiff's attorneys have still taken no action to resolve this issue.

### III.   ANALYSIS

In the months since Defendant filed its notice of removal, (ECF 1), Plaintiff has never been represented by an attorney admitted to appear before this Court. Plaintiff's attorneys have repeatedly failed to comply with numerous Court orders, (ECF 8, 9, & 10), resulting in a waste of judicial time and resources. The Court warned Plaintiff that this case could be dismissed if Plaintiff's attorneys did not gain either admission to this Court or admission *pro hac vice*. (ECF 10).  Because Plaintiff's attorneys still did not comply with this order, and because they have had ample opportunity to do so, dismissal without prejudice of this case is appropriate.

### IV.   CONCLUSIONS AND RECOMMENDATION

Thus, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that Plaintiff's claims in this case be DISMISSED without prejudice for failure to prosecute or to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b)).

IT IS SO RECOMMENDED.

ENTERED June 8, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these findings, conclusions and recommendations to each party by the most efficient means available.

## NOTICE OF RIGHT TO OBJECT

Any party may object to these findings, conclusions and recommendations. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendations." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).